UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| JAQUAN MELTON | CIVIL ACTION |
|---|---|
| vs. | NO. 1:23-cv-09861-NRB |
| U.S. SO FUN IMPORTS, LLC d/b/a BACKFIRE SKATEBOARDS USA | |

## CONFIDENTIALITY AGREEMENT

WHEREAS, certain of the documents and information which have been, and may be, requested in the course of discovery in this action are believed to constitute or contain confidential proprietary business information, JAQUAN MELTON and U.S. SO FUN IMPORTS, LLC d/b/a BACKFIRE SKATEBOARDS USA (collectedly, "the Parties") have agreed that this Confidentiality Agreement will promote the exchange of discoverable information and documents while protecting the legitimate interests of the Parties in preventing unrestricted disclosure and use of such information and documents.

Accordingly, the Parties agree, intending to be legally bound, that the following terms and provisions shall govern the disclosure and use of information and documents produced in discovery and asserted by a party to constitute or contain confidential information.

1. Confidential Information shall be designated as such by stamping each document with the legend "CONFIDENTIAL."

2. Confidential Information shall be used only for the litigation of this action and not for any business or other purpose except as expressly agreed in writing by the producing party. Under no circumstances other than those specifically provided for in this

Agreement or other than with the explicit consent in writing of the producing party with respect to Confidential Information, shall Confidential Information or its contents in any way whatsoever be revealed, disclosed, copied or otherwise made known to persons other than the following:

    a.    The parties and their attorneys, including the attorneys' paralegals, clerks, and stenographic and word processing personnel, as necessary in connection with the prosecution or defense of this action;

    b.    Any new parties joined to this action and their attorneys, including the attorneys' paralegals, clerks, and stenographic and word processing personnel, as necessary in connection with the prosecution or defense of this action;

    c.    Insurers for the parties;

    d.    Current or former directors, officers, and employees of the parties as necessary to the prosecution or defense of this action;

    e.    A reasonable number of persons retained by the parties as expert consultants or expert witnesses in the prosecution or defense of this action; and

    f.    The Court.

    3.    Where a party discloses Confidential Information to the extent permitted by Paragraph 2, the party making such disclosure shall inform the recipient in writing of the confidential nature of the material and that, except as provided herein, any person receiving Confidential Information shall not disclose such Confidential Information, or any part thereof, to any person to whom disclosure is not authorized by the terms of Paragraph 2; or make any other disclosure of such Confidential Information for any purposes whatsoever.

4.  The recipient of any Confidential Information that is furnished pursuant to this Confidentiality Agreement shall maintain the same in a secure and safe area, and the recipient shall exercise due and proper care with respect to the storage, custody, use or dissemination of all such Confidential information to prevent its disclosure to any unauthorized person.

5.  The parties may designate additional material as Confidential Information by written consent. Such designation shall not have any effect or bearing on whether the information contained therein is, in fact, confidential, but documents and information designated Confidential Information shall be treated consistent with the terms of this Confidentiality Agreement unless the Court orders otherwise.

6.  The terms of this Confidentiality Agreement shall not be construed to apply to any non-protected information which was in the possession of any party prior to the execution of this Confidentiality Agreement; to apply to information which appears in published patents, copyrights, printed publications, or which was, is, or becomes public knowledge, not in violation of this Confidentiality Agreement; or to apply to an non-protected information which any party or its counsel lawfully obtained or lawfully obtain from a third party.

7.  Within sixty (60) days of the conclusion of this litigation, by settlement, judgment or final appeal, any copies of Confidential Information supplied by the producing party (including, without limitation, copies provided to testifying or consulting experts) shall be returned to that party or, in the alternative, securely destroyed.

8.  This Confidentiality Agreement is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the restrictions

contained herein. The non-producing party shall be entitled to challenge the producing party's designation of materials as Confidential Information up and until the time of the trial Motion deadline and may use the materials designated as Confidential Information at and during trial.

**LAW OFFICE OF JESSE D. CAPELL, PLLC**

BY: /s/ Kathleen E. Beatty
KATHLEEN E. BEATTY, ESQUIRE
Attorney for Plaintiff
500 4th Ave, Suite 1A
Brooklyn, NY 11215
(347) 391-5770

**MURPHY SANCHEZ, PLLC**

BY: _____
Bradley J. Levien, Esq.
Attorney for Defendant
100 Duffy Avenue, Suite 510
Hicksville, NY 11801
267-367-5503

BY THE COURT

_____, USDJ
J.
1/25/24